FILED ___ LODGED
___ RECEIVED

DEC 01 2005

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY ___ DEPUTY

05-CV-05778-CMP

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

CARL MEALING,

    Plaintiff,

vs.

CITY OF RIDGEFIELD, WASHINGTON, RIDGEFIELD POLICE DEPARTMENT, RIDGEFIELD POLICE CHIEF BRUCE HALL, BRUCE HALL in his individual capacity, RIDGEFIELD CITY MANAGER GEORGE FOX, and GEORGE FOX in his individual capacity,

    Defendants.

No. C05 5778FDB

PLAINTIFF'S COMPLAINT FOR EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE; WRONGFUL DISCHARGE; STATUTORY CLAIM FOR ATTORNEY'S FEES and INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

COMES NOW, the Plaintiff, CARL MEALING, by and through his undersigned attorney, and alleges as follows:

## I. JURISDICTION

1. This action arises under Section 1 of the Klu Klux Klan Act of 1871, a law enacted to enforce the Fourteenth Amendment, currently codified as Section 1 of the Civil Rights Act of 1871, 17 Stat. 13, 42 U.S.C. § 1983, and 42 U.S.C. § 1988, and the Fourteenth Amendment to the Constitution of the United States of America.

Mealing Complaint for Racial Discrimination - 1

TRUMBLE LAW OFFICES
Attorneys at Law
1014 Franklin Street, Suite 208
Vancouver, WA 98660
360.737-6900  Fax: 737-8600

This is an action for damages, including punitive damages, arising from defendant's conduct under color of law in terminating plaintiff's employment solely on the basis of his race in violation of plaintiff's federally-protected rights. Defendant's conduct was predicated upon either evil motive or intent, or involves reckless or callous indifference to plaintiff's federally-protected rights, thus legally entitling plaintiff to an award of punitive damages.

2. The jurisdiction of this Court over the claims arising under 42 U.S.C. § 1983 is founded on 28 U.S.C. § 1343(a)(3) and (a)(4). The jurisdiction of the Court over the claims arising under the Fourteenth Amendment is founded on 28 U.S.C. §§ 1331 and 1343(a)(3). This Court has ancillary jurisdiction over the related state law claims contained herein.

3. Jurisdiction over the City of Ridgefield obtains on the basis that the conduct of Ridgefield City Manager George Fox and Ridgefield Police Chief Bruce Hall constitute actions under the color of authority of state statutes, municipal ordinances, regulations, customs and usage culminating in a municipal policy or custom of discriminating on the basis of race and/or national origin violative of plaintiff's federally-protected rights against racial discrimination.

### THE PARTIES

4. Plaintiff Carl Mealing is a resident of Olympia, Washington, a citizen of the United States of America, and an African-American by heritage.

5. At all times relevant to this complaint, prior to his illegal and wrongful termination, plaintiff was a multi-purpose officer employed by the Ridgefield Police Department.

6. Defendant City of Ridgefield, Washington is a municipal corporation organized pursuant to Title 35A of the Revised Code of Washington.

Mealing Complaint for Racial Discrimination - 2

TRUMBLE LAW OFFICES
Attorneys at Law
1014 Franklin Street, Suite 208
Vancouver, WA 98660
360-737-6900  Fax: 737-8600

7. Defendant Ridgefield Police Department is a department of the City of Ridgefield with the authority to conduct and administer the affairs of the Police Department including personnel appointing and discharge authority.

8. Defendant Ridgefield Police Chief Bruce Hall serves as chief executive of the police department and, as such, administers the affairs of the department which includes exercising personnel appointing and discharge authority. The acts or omissions of Police Chief Bruce Hall constitute the acts or omissions of a city officer with final policy-making authority.

9. Defendant Bruce Hall, in his individual capacity, is a citizen of the United States of America subject to the jurisdiction of District Court of the United States of America and, as such, liable for any personal conduct violative of federal or state statute, common law, regulation, code or ordinance. The acts or omissions of Bruce Hall, in his individual capacity, taken under color of law or authority as Ridgefield Chief of Police, constitute the acts or omissions of a city officer with final policy-making authority.

10. Defendant Ridgefield City Manager George Fox, as city manager, serves as chief operations officer of the city with the authority to conduct and administer the affairs of the city, including oversight and supervision of the Ridgefield Police Department and other city departments. The acts or omissions of City Manager George Fox constitute the acts or omissions of a city officer with final policy-making authority.

11. Defendant George Fox, in his individual capacity, is a citizen of the United States of America subject to the jurisdiction of District Court of the United States of America and, as such, liable for any personal conduct violative of federal or state statute, common law, regulation, code or ordinance. The acts or omissions of George Fox, in his individual capacity, taken under color of law or authority as Ridgefield City Manager, constitute the acts or omissions of a city officer with final policy-making authority.

Mealing Complaint for Racial Discrimination - 3

TRUMBLE LAW OFFICES
Attorneys at Law
1014 Franklin Street, Suite 208
Vancouver, WA 98660
360.737-6900  Fax: 737-8600

## COUNT 1 – EMPLOYMENT DISCRIMINATION
## ON THE BASIS OF RACE

12. All allegations contained in paragraphs 1 though 11 above are re-alleged herein by reference.

13. The Fourteenth Amendment to the Constitution of the United States, Section 1, makes it illegal for any state or political subdivision thereof to "deny to any person within its jurisdiction the equal protection of the laws." Plaintiff Carl Mealing was denied equal protection of the law when Ridgefield City Manager George Fox instructed Ridgefield Chief of Police Bruce Hall to fire Officer Carl Mealing, and Hall complied. Fox so instructed Hall, by Fox's own admission, specifically because Officer Carl Mealing is an African-American.

14. As an African-American Carl Mealing is a member of a legally protected class of persons.

15. Plaintiff Carl Mealing was a duly qualified officer of the Ridgefield Police Department; Mealing graduated from the Washington State Criminal Justice Training Commission and successfully completed additional training consistent with the continuing education and training policies and procedures of the Ridgefield Police Department and the Ridgefield Civil Service Commission.

16. Plaintiff Carl Mealing suffered an adverse employment action when the City of Ridgefield, through the Ridgefield Police Department, terminated his employment without cause and on the basis of race.

17. Plaintiff Carl Mealing's discharge, as articulated in the verified facts herein, took place under circumstances that give rise to an inference of unlawful discrimination.

18. Plaintiff Carl Mealing was discharged from the Ridgefield Police Department (hereinafter "RPD") on September 28, 2005. The RPD took the position that Officer Mealing was a probationary employee at the time of his discharge. The RPD September 28,

Mealing Complaint for Racial Discrimination - 4

TRUMBLE LAW OFFICES
Attorneys at Law
1014 Franklin Street, Suite 208
Vancouver, WA 98660
360.737-6900 Fax: 737-8600

2005 Notice of Dismissal states no basis for the discharge, nor does it indicate that any findings were made by the appointing authority prior to discharging Officer Mealing.

19. Plaintiff Mealing takes the position that he was a permanent employee at the time of his discharge, thereby subject to discharge only for "just cause" as defined pursuant to Ridgefield Municipal Code and the Ridgefield Civil Service Rules.

20. Plaintiff Mealing was hired as a part-time officer for the RPD in March, 2003. Officer Mealing completed a 90 day probationary period and was a permanent part-time officer with the RPD through the end of March 2004. Chief Hall was the appointing authority.

21. Plaintiff Mealing's performance as a part-time officer was satisfactory to Chief Hall. Officer Mealing's performance was, in fact, so good that on March 22, 2003 Chief Hall issued a memorandum stating that on April 1, 2004 Officer Mealing was appointed to a four month acting appointment as a full-time multi-purpose officer with the RPD. Officer Mealing's performance in an acting appointment was again satisfactory and at the end of the four-month acting appointment his acting appointment was extended by a majority vote of the Ridgefield Civil Service Commission at its July 28, 2004 meeting. Again Officer Mealing's performance was satisfactory, and effective October 1, 2004, he was appointed to a permanent full-time position, RPD Multi-Purpose Officer. From October 1, 2004 through September 28, 2005, Officer Mealing's performance was satisfactory to Chief Hall, the appointing authority; in his deposition testimony Chief Hall admits that no just cause existed to terminate Officer Mealing.

22. The standard to discharge a Ridgefield Police Department probationary employee is set forth in Ridgefield Civil Service Commission Rule 7 §4 which requires the appointing authority to make a finding that: "during the performance test thus afforded, upon observation or consideration of the performance of duty, he/she [the probationer] is found

Mealing Complaint for Racial Discrimination - 5

TRUMBLE LAW OFFICES
Attorneys at Law
1014 Franklin Street, Suite 208
Vancouver, WA 98660
360.737.6900 Fax: 737-8600

"unfit or unsatisfactory". But Chief Hall testified that no such finding was ever made, nor was Mealing unfit nor was his performance unsatisfactory.[1]

23. Plaintiff Mealing was fired because he is of African American descent! Officer Mealing was terminated, in the words of Ridgefield City Manager George Fox, "because he is black."

24. Chief Hall stated unambiguously in his deposition in a proceeding before the Ridgefield Civil Service Commission that he was instructed by City Manager George Fox to terminate Officer Mealing: "And he [Fox] then said, "Carl needs to go. Carl needs to be fired. He needs to be let go.""[2] Chief Hall elaborated: "So I guess the answer to your question, was I told by my direct supervisor [Fox] to fire him? Yes. I was told that we can fire him at anytime because we don't like the color of his tie. I mentioned to him we can't fire somebody because of the color of their skin and he told me to fire him."[3]

25. Ridgefield resident and eyewitness Jaclyn Emter testified at her deposition[4] that she asked Ridgefield City Manager George Fox : "Well, why did you fire him [Mealing]?[5] George Fox admitted to her he fired Carl Mealing "because he's black."[6]

## COUNT II -- WRONGFUL DISCHARGE AND EMPLOYMENT DISCRIMINATION IN VIOLATION OF RCW 49.60.180

26. All allegations contained in paragraphs 1 though 25 above are re-alleged herein by reference.

27. The Revised Code of Washington, at 49.60.180, prohibits discharge from employment on the basis of race.

28. As demonstrated hereinabove, the actions of Ridgefield City Manager George

---

[1] Dep. Chief Hall, p.46 ln. 1-6; p.32 ln. 25 – p.33 ln. 2.
[2] Dep. Chief Hall, p.34 ln. 89; Further references to George Fox' instruction to fire Mealing exist at p. 34 ln. 14-15; p. 35 ln. 2-4; p. 35 ln. 8-22; p. 36 ln. 5 through p. 41 ln. 9; and p. 42 ln. 12 – p. 43 ln. 3.
[3] Dep. Chief Hall, p. 41 ln. 5-9.
[4] Emter was deposed pursuant to the Ridgefield Civil Service proceeding.
[5] Dep. Jaclyn Emter p.32 ln. 15-16.
[6] Dep. Jaclyn Emter p.32 ln. 17.

Mealing Complaint for Racial Discrimination - 6

TRUMBLE LAW OFFICES
*Attorneys at Law*
1014 Franklin Street, Suite 208
Vancouver, WA 98660
360.737.6900 Fax: 737-8600

Fox, acting in his capacity as city manager and in his individual capacity under the color of law, wrongfully terminated plaintiff and race was a substantial factor in Officer Mealing's termination.

29. As demonstrated hereinabove, the actions of Ridgefield Police Chief Bruce Hall, acting in his capacity as chief of police and in his individual capacity under the color of law, wrongfully terminated plaintiff and race was a substantial factor in Officer Mealing's termination.

## COUNT III – STATUTORY CLAIM FOR ATTORNEY'S FEES PURSUANT TO RCW 49.48.030

30. All allegations contained in paragraphs 1 though 29 above are re-alleged herein by reference.

31. As the direct result of Defendant's refusal to comply with the terms of the compensation agreement Plaintiff has been forced to seek recovery through this action thus entitling Plaintiff to recovery of full reasonable attorney's fees pursuant to RCW 49.48.030, including all fees incurred during pursuit of a remedy at the Ridgefield Civil Service Commission.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. All allegations contained in paragraphs 1 though 31 above are re-alleged herein by reference.

33. Defendants' conduct expressed hereinabove was extreme and outrageous.

34. Defendants' conduct expressed hereinabove constituted intentional or reckless infliction of emotional distress.

35. As the actual result of defendants' conduct Plaintiff has suffered severe emotional distress.

TRUMBLE LAW OFFICES
Attorneys at Law
1014 Franklin Street, Suite 208
Vancouver, WA 98660
360.737-6900 Fax: 737-8600

## IV. DAMAGES

1. The Plaintiff hereby incorporates by reference all allegations contained in Paragraphs 1 through 35 above.

2. As a direct and proximate result of the conduct by the Defendants alleged above, the Plaintiff has sustained and may sustain damages that include or are reasonably expected to include, without limitation:

   A. All amounts designed to compensate the Plaintiff for lost wages and all other damages that are the proximate and consequential result of the Defendant's racial discrimination and wrongful termination against the Plaintiff, the exact amounts to be proven at trial;

   B. Out of pocket expenses and costs in an amount to be established at trial;

   C. Prejudgment interest on all liquidated amounts due at the highest rate allowed by law to the date of judgment; and,

   D. All reasonable attorneys' fees, expenses, and costs incurred by the Plaintiff and Plaintiff's attorneys related to this action. The Plaintiff is entitled to recover its costs and reasonable attorneys' fees pursuant to RCW 49.48.030.

   E. Punitive damages in an amount to be established at trial.

   F. Compensatory damages for emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff having asserted his claims against the Defendants, hereby prays for the following relief:

1. For a Judgment and Order against Defendants awarding Plaintiff compensation for lost wages;

2. For a Judgment against the Defendants awarding the Plaintiff his expenses and all

Mealing Complaint for Racial Discrimination - 8

TRUMBLE LAW OFFICES
*Attorneys at Law*
1014 Franklin Street, Suite 208
Vancouver, WA 98660
360.737.6900  Fax: 737-8600

other damages that are the proximate and consequential result of Defendant's illegal conduct;

3. Awarding Plaintiff prejudgment interest on his damages award for all liquidated damage amounts;

4. Awarding Plaintiff compensatory damages for emotional distress;

5. Awarding Plaintiff all statutory costs permitted by law;

6. Awarding Plaintiff all reasonable attorneys' fees incurred by Plaintiff;

7. Awarding Plaintiff an award of punitive damages, and,

8. Awarding Plaintiff any further or additional relief which the court finds appropriate or just.

DATED this 1st day of December, 2005.

Jay W. Trumble   WSBA #33233
Attorney for the Plaintiff
1014 Franklin Street, Suite 208
Vancouver, WA 98660
Telephone: 360.737-6900

Mealing Complaint for Racial Discrimination - 9

TRUMBLE LAW OFFICES
Attorneys at Law
1014 Franklin Street, Suite 208
Vancouver, WA 98660
360.737-6900 Fax: 737-8600

## VERIFICATION

I am the Plaintiff in the above-captioned action. I have read the foregoing Plaintiff's Complaint for Lost Wages Due to Breach of the Employment Contract. I certify under penalty of perjury of the laws of the State of Washington that the facts alleged herein are true and accurate.

Dated this 1ST day of December, 2005, at Olympia, Washington.

*Carl Mealing*

Carl Mealing, Plaintiff

Mealing Complaint for Racial Discrimination - 10

TRUMBLE LAW OFFICES
Attorneys at Law
1014 Franklin Street, Suite 208
Vancouver, WA 98660
360.737-6900  Fax: 737-8600