UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARL MEALING,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF RIDGEFIELD, WASHINGTON; RIDGEFIELD POLICE DEPARTMENT; RIDGEFIELD POLICE CHIEF BRUCE HALL; BRUCE HALL in his individual capacity; RIDGEFIELD CITY MANAGER GEORGE FOX, and GEORGE FOX in his individual capacity,<br><br>    Defendants. | Case No. C05-5778FDB<br><br>ORDER DENYING MOTION FOR RELIEF FROM TIMELINES and RESERVING RULING ON MOTION TO WITHDRAW PENDING APPEARANCE OF COUNSEL OR NOTICE THAT PLAINTIFF IS PROCEEDING PRO SE |

Plaintiff moves for relief from the Court's Minute Order Scheduling Jury Trial and Pretrial Dates in this case, and seeks a nine-month extension of all deadlines, including the March 9, 2007 deadline for Plaintiff's Opposition to Defendants City of Ridgefield's and Bruce Hall's Motions for Summary Judgment.

This case asserts a charge of wrongful discharge from the Ridgefield Police Department based on race. Defendant City of Ridgefield contends, among other things, that Mealing was terminated after multiple complaints about his on-duty behavior towards women, which arose from citizens and other agencies, and that he failed to follow the notice of claim statute.

ORDER - 1

**DISCUSSION**

Plaintiff's counsel, Jay W. Trumble, in addition to moving for a continuance, has moved to withdraw for the reason that he has accepted employment with a private employer, the Association of Fight Attendants-CWA, AFL-CIO (AFA) with a starting date of January 15, 2007. Mr. Trumble has stated that he has discharged his office staff, and that the effective date of closure was December 29, 2006 at the close of business. Mr. Trumble filed an amended motion to withdraw on January 15, 2007 [Dkt. # 66]. Mr. Trumble indicates that prospective substituting counsel have expressed reluctance to accept his case without sufficient time to investigate and prepare. Mr. Trumble states that Plaintiff's potential substituting attorney, Therese Lavallee has undertaken a review of limited documents and has determined two things: (1) she cannot appear for Mealing at this time under the current deadlines, and (2) she believes that in order to sufficiently prepare for both defense of the pending summary judgment motions and the scheduled 20-day trial, a nine-month continuance is necessary. Another potential associating counsel, Scott Blankenship, has previously scheduled trials that conflict with the trial date presently set in this matter and that he could not consider taking this case without a continuance of the current pretrial and trial dates.

Defendants City of Ridgefiled, Police Chief Bruce Hall, and Ridgefield City Manager George Fox object to a continuance. Defendants note that since the City noted its summary judgment motion on January 19, 2007, Plaintiff has filed three separate motions within the time frame that his response was originally due: Motion for Counsel to Withdraw, Motion Requesting 90-Day Extension to respond to the City's summary judgment motion, and the present Motion for Relief from Timelines requesting a nine-month continuance of all deadlines. Defendants point out that all parties, including Pliantiff's prospective new counsel Ms. LaVallee, ultimately stipulated to the withdrawal of Plaintiff's counsel and to a seven-week extension for responding to the City's summary judgment motion to enable new counsel to familiarize herself with the case and respond to both scheduled motions. Then, a week after this stipulation was signed, the current motion for a

ORDER - 2

nine-month continuance was filed. Defendants argue that Plaintiff's time could have been spent on the summary judgment motions rather than filing the various motions for continuance. Moreover, citing Fed. R. Civ. P. 56(f), Defendants argue that Plaintiff has not demonstrated any specific rebuttal information that he believes he could obtain with such a lengthy continuance, and he has engaged in only minimal discovery efforts throughout this case, much of the discovery being initiated by other parties.

## CONCLUSION

Having reviewed the parties' submissions and the record herein, the Court cannot conclude that Plaintiff has been diligent with respect to prosecution of this case or his obligations with respect the opposing parties' motions, or with respect to the need to obtain new counsel. Plaintiff's request for a continuance is unwarranted and a nine-month continuance under the circumstances of this case is undeniably excessive. Counsel has had weeks to prepare for the summary judgment motions, and still has more than a month left to prepare under the current schedule that was agreed to by the parties.

Fed. R. Civ. P 56 (f) provides as follows:

> Should it appear from the affidavits of a party opposing the [summary judgment] motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

"To prevail under this Rule, parties opposing a motion for summary judgment must make '(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Employers Teamsters Local Nos. 175 and 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004). Plaintiff has failed to identify the specific information required under the rule.

Also, there is no right to representation in civil cases. *Nicholson v. Rushon*, 767 F.2d 1426, 1427 (9th Cir. 1985). And see *U.S. v. Studley*, 783 F.2d 934, 938-940 (9th Cir. 1986)(denying

ORDER - 3

request for continuance where movant had been aware of need to obtain counsel for several months but had failed to do so). An attorney's withdrawal does not afford a party an automatic right to a continuance. *Mekdeci v. Merrell Nat. Laboratories*, 711 F.2d 1510, 1522-23 (11th Cir. 1983). In *Mekdeci*, the court refused the request for a continuance where the Plaintiff's counsel moved to withdraw, there was prospective substitute counsel who conditioned his representation upon a six-month continuance of the trial that was at the time five months away. The court stated:

> In effect, the [new] firm presented the trial court with an unconditional demand. Under the circumstances of this case, the district court did not abuse its discretion in refusing to accede to that demand .... The pendency of the original attorneys' motion to withdraw, at the time the [new] firm requested the continuance, does not alter that conclusion. In a civil case, a lawyer's withdrawal, much less a mere motion to withdraw, does not afford the party an absolute right to a continuance. ... [E]ven the legitimate need for preparation does not translate into an unconditional right to set one's own trial date.

*Mekdeci*, 711 F.2d at 1520 and n. 12.

The Complaint in this case was filed December 5, 2005. The Minute Order Setting Trial and Pretrial Dates was entered May 16, 2006 setting, among other things, a Jury Trial for September 10, 2007, Discovery cut-off date of May 14, 2007, and a Motions deadline of June 1, 2007.

Plaintiff's attorney, Jay Trumble, states in his declaration that his employment negotiations with the AFA had been ongoing since late September 2006, and the terms of his employment were memorialized verbally on December 18, 2006. Trumble indicates that he kept Plaintiff Mealing informed of the circumstances and that he would be closing his practice, but Mealing did not request that he withdraw or find substitute counsel. Trumble met with prospective counsel Therese LaValle on December 28, 2006 to discuss her possible substitution, and at that time, a 90-day continuance was thought to be required.

On December 18, 2006, the Defendants City of Ridgefield and Ridgefield Police Department filed their summary judgment motion.

On December 27, 2006, Trumble filed his motion to withdraw.

ORDER - 4

On December 28, 2006, Plaintiff filed a Motion for Order for Englargement of Time seeking a 90-day continuance of the deadline for filing a response to the City of Ridgefield's motion.

On December 28, 2006, Defendant Bruce Hall filed a motion for summary judgment.

On January 4, 2007, the parties filed a stipulation regarding a continuance of the noting date for the City of Ridgefield's and Hall's summary judgment motions to March 9, 2007 and that responses would be filed and served on March 5, 2007, and replies due March 9, 2007.  The parties agreed to confer regarding any additional discovery requests in order to limit the cost of ongoing discovery and to permit the parties to confer about the least costly means of addressing discovery matters.  This stipulation was filed by all parties, and attached to the Stipulation as page 4 was a letter from prospective counsel Therese LaVallee to the undersigned judge regarding this case stating:

> Please be advised that I am prepared to enter a Notice of Appearance on behalf of Carl Mealing and to substitute as counsel for Mr. Trumble in the event Your Honor grants the Proposed Order Granting Continuance for Motions for Summary Judgment and Discovery.

The Court signed and entered an Order on the Stipulation on January 5, 2007 granting the continuance in accordance with the Stipulation among the parties, and the pending summary judgment motions at Docket No. 53 and 57 were renoted for March 9, 2007.  Ms. LaValee, however, did not appear.

On January 15, 2007, Plaintiff brought the instant motion for relief from timelines.  Plaintiff asserts that although the foregoing stipulation was entered into after prospective counsel LaVallee had undertaken a review of "limited documents," now that she has learned that the case file in its entirety totals in excess of seven file storage boxes and the number of factual and legal issues, she has determined that she cannot appear under the current deadlines and requires a nine-month continuance.   Counsel Trumble also refiled his motion to withdraw, incorrectly styling it a motion to amend, and renoting the earlier motion to withdraw to January 25, 2007.

ORDER - 5

Under the circumstances of this case, the Court declines to grant a continuance. The March 9, 2007 noting date will stand, and Plaintiff's responses to the motions are due as set forth in the Court's order on the parties' stipulation, that is, March 5, 2007.

ACCORDINGLY, IT IS ORDERED:

1. Plaintiff's Motion for Relief from Timelines [Dkt. # 60] is DENIED; the March 9, 2007 noting date for the motions will stand, responses are due March 5, 2007, and replies are due March 9, 2007;

2. Plaintiff's Counsel's Motion for Withdrawal [Dkt. # 54] and his wrongly denominated Motion to Amend Motion for Withdrawal [# 66], which actually renotes the previous motion for withdrawal, is DENIED until either new counsel appears or Plaintiff advises the Court in writing that he will proceed pro se, and such APPEARANCE OR NOTICE IS DUE no later than **Monday, February 5, 2007**.

DATED this 31st day of January 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 6