UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARL MEALING,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF RIDGEFIELD, WHASINGTON; RIDGEFIELD POLICE DEPARTMENT; RIDGEFIELD POLICE CHIEF BRUCE HALL; BRUCE HALL, in his individual capacity; RIDGEFIELD CITY MANAGER GEORGE FOX; and GEORGE FOX in his individual capacity,<br><br>    Defendants. | Case No. C05-5778FDB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL |

Plaintiff moves for voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). Plaintiff further requests that the Court rule on this motion prior to considering the pending defense motions for summary judgment, citing judicial economy.

Plaintiff states that he is moving for voluntary dismissal because he is without counsel and has been unable to retain new counsel. Plaintiff argues that any allegation that he failed to comply with the state claim filing statute should result in a dismissal without prejudice, and Mealing yet has time to comply with the statute. Mealing also argues that if he elects to refile his case, the City can simply

ORDER - 1

reassert its same arguments on summary judgment, and the city is not prejudiced. Mealing further argues that if the Court's grants the motion for voluntary dismissal, it should be without prejudice and without conditions as Mealing has presented a prima facie case of race discrimination.

The City of Ridgefield opposes the motion for voluntary dismissal arguing the Plaintiff's pattern of asserting then withdrawing claims before any final decision or ruling is made places an unfair burden on the City. The City points to the following series of events: Mealing appealed his termination to the Ridgefield Civil Service Commission in October 2005, where he was represented by his current counsel; during that appeal, he added a claim that his termination was based on race discrimination; the Civil Service Commission agreed to investigate the race discrimination allegation, but Mealing then withdrew that claim, leaving only the issue of whether he was a probationary employee at the time he was fired; Mealing was placed on administrative leave with full benefits retroactive to the date of his termination, pending the outcome of the appeal; the City's attorney made an offer of reinstatement to Mealing, which was refused by Mealing's counsel; finally, Mealing withdrew his claim before the Civil Service Commission could rule on his appeal. Next, this case was filed on December 1, 2005 before the Civil Service Commission could act upon his appeal and before the results of the City's investigation were known.[1]

The City argues that Mealing is not entitled to a dismissal without prejudice because Fed. R. Civ. P. 41(a)(2) provides that the"action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." The rationale behind this rule was explained in *Exxon Corp. v. Maryland Cas. Co.*, 599 F.2d 659 (5th Cir. 1979):

> The theory underlying this limitation is that, after the defendant has become actively engaged in the defense of a suit, he is entitled to have the case adjudicated and it cannot, therefore, be terminated without either his consent, permission or the court, or a dismissal with prejudice that assures him against the renewal of hostilities.

---

[1] Among other things, the investigators found no evidence of racial discrimination nor any such claim by Mealing during the course of his employment, and concluded there was cause for terminating him because of his pattern of harassing women while he was in uniform.

ORDER - 2

599 F.2d at 661.  The City points out that it answered the complaint more than a year ago and filed a motion for summary judgment in December 2006 that has been pending, for several months, following it being renoted to March 9, 2007 by stipulation.  In deciding whether or not to grant a motion for voluntary dismissal, a court must consider whether the defendants will suffer plain legal prejudice as a result.  *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982).  Factors to consider are the defendant's effort and expense in preparing for trial, delay and lack of diligence of the plaintiff in prosecuting the action, insufficient explanation of the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant.  *U.S. v. Berg*, 190 F.R.D. 539, 543 (E.D. Calif. 1999).  The City argues that all four factors weigh against Plaintiff's request for voluntary dismissal.

Defendant Fox responds arguing that this case should be dismissed with prejudice or, if dismissal without prejudice were to be granted, the Court should impose monetary sanctions in the form of attorney's fees incurred for work that will not be beneficial in any subsequent litigation.

Under the circumstances of this case, which are well documented in Defendants' responses, allowing the plaintiff to take a voluntary dismissal of this case would be highly inappropriate and prejudicial to the defendants.

ACCORDINGLY, IT IS ORDERED: Plaintiff's Motion for Voluntary Dismissal without prejudice [Dkt. # 81] is DENIED.

DATED this 19th day of March, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3