UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARL MEALING,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF RIDGEFIELD, WHASINGTON; RIDGEFIELD POLICE DEPARTMENT; RIDGEFIELD POLICE CHIEF BRUCE HALL; BRUCE HALL, in his individual capacity; RIDGEFIELD CITY MANAGER GEORGE FOX; and GEORGE FOX in his individual capacity,<br><br>        Defendants. | Case No. C05-5668FDB<br><br>ORDER GRANTING DEFENDANT HALL'S MOTION FOR SUMMARY JUDGMENT |

**INTRODUCTION**

Defendant Bruce Hall moves for summary judgment on Plaintiff's claims against him. The Complaint alleges employment discrimination based on race giving rise to claims under federal and state law: violation of the equal protection clause giving rise to a claim under Section 1983 and wrongful termination under RCW 49.60.180. A third cause of action for intentional infliction of emotional distress has been dismissed on stipulation of the parties.

Plaintiff Mealing was employed as a full-time police officer with the Ridgefield Police

ORDER - 1

Department. Bruce Hall was the Police Chief, and it is undisputed that her personally informed Mealing of Mealing's termination. It is also undisputed that Defendant City Manger George Fox ordered Hall to terminate Mealing. Mealing testified in his deposition that he had originally believed that Hall must have some hidden motive for terminating him, although he did not know what that motive might be, but after reading through Hall's deposition testimony, he realized that Hall was not the person behind his firing.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the moving party establishes that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). Inferences drawn from the facts are viewed in favor of the non-moving party. *T.W. Elec. Service v. Pacific Elec. Contractors,* 809 F.2d 626, 630-31 (9th Cir. 1987).

Summary judgment is proper if a defendant shows that there is no evidence supporting an element essential to a plaintiff's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Failure of proof as to any essential element of plaintiff's claims means that no genuine issue of material fact can exist and summary judgment is mandated. *Celotex*, 477 U.S. 317, 322-23 (1986). The nonmoving party "must do more than show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## DISCUSSION

**Equal Protection Claim**

Defendant Hall argues that both the City Manager's contract and Ridgefield Resolution 266 vested authority for hiring and firing or regular police force employees in the city manager. City Manager George Fox made the decision to terminate Mealing's employment and instructed Hall to so inform Mealing, which he did.

ORDER - 2

Mealing responds that Hall was acting under color of state law and his actions deprived Mealing of a constitutional right. Alternatively, Mealing argues that Hall participated in Fox's acts and so is still subject to liability under Section 1983.

> To state a claim under 42 U.S.C. § 1983 for a violation of the equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.

*Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998), internal citations omitted. Plaintiff has failed to meet this standard as he has not come forward with any facts to support an allegation that Hall <u>intentionally and purposefully</u> conspired with Fox to terminate Plaintiff because of his race. The allegations in the Complaint reflect that Hall followed Fox's orders upon learning that his own job was threatened by Fox. Accordingly, Hall's motion for summary judgment on this federal claim must be granted.

**<u>Wrongful Discharge & Employment Discrimination</u>**

Plaintiff alleges discharge from his employment because of his race in violation of RCW 49.60.180. Hall argues that this claim against him should be dismissed because Hall did not have the authority to fire police officers such as Mealing, that City Manager George Fox had the authority to hire and fire regular police force employees, that he instructed Hall to fire Mealing, and Hall complied.

Mealing responds that Hall did affirmatively engage in discriminatory conduct by failing to give Mealing credit for his six-month active status prior to his being hired as a full-time police officer and then firing Mealing on the basis of his race. Mealing acknowledges that Hall responded to Fox's statement that "we can fire him at any time because we don't like the color of his tie," that "we can't fire somebody because of the color of their skin." (Ex. 3, p. 41, ll. 5-9.) Mealing also acknowledges that Hall felt that if he didn't heed Fox's directions to fire Mealing that Hall's own job would be threatened. ( *Id.* p. 47, ll. 11-21.)

ORDER - 3

The Court in *Jenkins v. Palmer*, 116 Wn. App. 671, 675-76 (2003) discussed aiding and abetting under Washington's Law Against Discrimination:

> RCW 49.60.220, although broad, focuses on conduct that encourages others to violate the WLAD. The references to "aid, abet, encourage, or incite" and to "prevent any other person from complying" show that the statute applies only where the actor is attempting to or has involved a third person in conduct that would violate the WLAD.

"One does not aid and abet unless in some way, he associates himself with the undertaking, participates in it as in something he desires to bring about, and seeks by his action to make it succeed." *State v. J-R Distribs., Inc.*, 82 Wn.2d 584, 593 (1973). In *Pannell v. Food Services of America*, 61 Wash. App. 418, 436, *review denied* 118 Wn.2d 1008 (1992), the party committing age discrimination was the party ordering the discriminatory act, not the party carrying out another's instructions.

Mealing has failed to come forward with evidence sufficient to show that Hall participated in the effort to fire Mealing as something he desired to bring about. On the contrary, the evidence demonstrates that Hall did not willingly engage in acts to aid or abet discriminatory conduct by Fox. Plaintiff has failed to allege conduct sufficient to constitute aiding and abetting under RCW 49.60.220.

ACCORDINGLY, IT IS ORDERED: Motion of Defendant Hall for Summary Judgment [Dkt. # 57] is GRANTED, and all Plaintiff's causes of action against Defendant Hall are DISMISSED with prejudice.

DATED this 19th day of March, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4