UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CARL MEALING,

    Plaintiff,

    v.

CITY OF RIDGEFIELD, WASHINGTON; RIDGEFIELD POLICE DEPARTMENT; RIDGEFIELD POLICE CHIEF BRUCE HALL; BRUCE HALL in his individual capacity; RIDGEFIELD CITY MANAGER GEORGE FOX, and GEORGE FOX in his individual capacity,

    Defendants.

Case No. C05-5778FDB

ORDER GRANTING DEFENDANT FOX'S MOTION TO EXCLUDE EXPERT TESTIMONY

    Defendant Fox moves to exclude Plaintiff's experts for the reason that such disclosure was required by March 5, 2007, and no disclosures have been made. Plaintiff opposes the motion arguing (1) that Defendant Fox failed to first confer with Plaintiff's new counsel, (2) that healthcare providers are excluded from Rule 26(a)(2)'s disclosure requirements, and (3) that any failure to disclose is harmless to Defendant Fox.

    Courts generally allow expert testimony by treating physicians without need for a report, provided that the opinions do not extend beyond treatment. *See, e.g., Rogers v. Detroit Edison Co.,* 328 F. Supp. 2d 687, 690 (E.D. Mich. 2004). Nevertheless, even if a party elects to call a physician

ORDER - 1

to testify solely to the treatment, the party must still, consistent with the court's scheduling order, disclose that person as someone he or she intends to call as an expert. *See Musser v. Gentiva Health Services*, 356 F.3d 751, 757-58 (7th Cir. 2004). "Disclosing a person as a witness and disclosing a person as an expert witness are two distinct acts." *Id.* The court held that "[f]ormal disclosure of experts is not pointless. Knowing the identify of the opponent's expert witnesses allows a party to properly prepare for trial. [The defendant] should not be made to assume that each witness disclosed by the [plaintiffs] could be an expert witness at trial." *Id.*

Plaintiff's opposition is without merit. Plaintiff has been represented by counsel throughout this litigation. Plaintiff's first counsel, Jay Trumble was allowed to withdraw, but Plaintiff's new counsel's late appearance in this case does not excuse failure to timely disclose information required by the Federal Rules and the Court's scheduling order.

Fed. R. Civ. P. 37 provides as follows:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26 (e)(2), is not, unless such failure is harmless permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37 was promulgated to be "self-executing" in order to produce a strong inducement for disclosure. Fed. R. Civ. P. 37, advisory comm. Note (1993). Plaintiff's argument confuses motions to compel with the instant motion to exclude. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)(quoting Fed. R. Civ. P. 37, advisory cmte. Note (1993)). In *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001), *followed in Yeti by Molly*, 259 F.3d at 1106, the *Ortiz-Lopez* court excluded expert evidence as a sanction for failure to disclose the information required by Rule 26 (a)(2), and in doing so, rejected the Plaintiff's argument that there had been no prior order compelling disclosure. The appellate court ruled that a court order issued under Rule 37 need not be violated before a court may impose sanctions under (c) and went on to say:

ORDER - 2

> What the district court must find under Rule 37(c) is that the offending parties were not "substantially justified" in failing to disclose information required by Rule 26(a) or Rule 26(e) and that the failure to disclose was not harmless. This is a "self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion under subdivision [37](a)(2)(A).

*Ortiz-Lopez*, 248 F.3d at 33. The Court in the Ninth Circuit case *Yeti by Molly* ruled similarly: "Thus, even though [plaintiffs] never violated an explicit court order to produce the [expert] report and even absent a showing in the record of bad faith or willfulness, exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a)." 259 F.3d at 1106. Expert testimony was also excluded in *1st Source Bank v. First Resource Credit Union*, 167 F.R.D. 61 (N.D. Ind. 1996), a case factually close that at bar.

The need to indicate any treating physician that may be called as an expert is necessary for the Defendant to adequately prepare, and the Defendant will not be made to assume that such witnesses could be experts. *See Musser, supra.*

Plaintiff has failed to demonstrate his failure is harmless, as is the plaintiff's duty. *See Yeti by Molly*, 259 F.3d at 1106. Discovery is to be completed by May 14, 2007, and there is insufficient time for Defendant Fox to review any disclosure made now to determine what depositions would need to be taken. This case has been marked by delays, and the Court is not inclined to countenance any further delay.

ACCORDINGLY, IT IS ORDERED: Defendant Fox's Motion To Exclude Plaintiff's Experts [Dkt. # 100] is GRANTED, and Plaintiff shall not be permitted to offer any expert testimony at trial and/or in opposition/support of any dispositive motion.

DATED this 7th day of May, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3