UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARL MEALING,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF RIDGEFIELD, WASHINGTON; RIDGEFIELD POLICE DEPARTMENT; RIDGEFIELD POLICE CHIEF BRUCE HALL; BRUCE HALL in his individual capacity; RIDGEFIELD CITY MANAGER GEORGE FOX, and GEORGE FOX in his individual capacity,<br><br>    Defendants. | Case No. C05-5778FDB<br><br>ORDER GRANTING DEFENDANT FOX'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DISMISSAL OF STATE LAW CLAIMS |

    Defendant Fox moves for partial summary judgment dismissing Plaintiff's state law claims. Plaintiff Mealing alleges that Defendant George Fox ordered his termination from employment at the City of Ridgefield on account of race, rather than, as Defendant asserts, that he was terminated because he had recommenced his past behavior of harassing women while on duty. Defendant Fox argues that Washington's claim statute, RCW 4.96.020 applies to Plaintiffs claims under a theory of intentional infliction of emotional distress and recovery under Washington's Law Against Discrimination, Chapter 49.60 RCW; and Washington's Wage Act, Chapter 49.48 RCW. Defendant also argues that Plaintiff's outrage claim must be dismissed on its merits because there is

ORDER - 1

no evidence that Mealing has suffered the requisite "extreme emotional distress" required to sustain such a theory.

### *Claim Filing Statute*

Washington claims statute applies when government officials are sued for actions taken during the course and scope of employment. *See Wright v. Terrell*, 135 Wn.App. 722, 736, ¶ 42 (2006).  This Court has already held in this case that the claims statute applies in a discrimination action under RCW 49.60.  It is undisputed that Plaintiff did not comply with the notice of claim statute before filing his lawsuit.  Defendant Fox was exercising his contractual authority with the City when he commanded Chief Hall to terminate Mealing for sexually harassing women in Ridgefield, La Center, and Battle Ground.

Plaintiff Mealing argues that *Bosteder v. City of Renton*, 155 Wn.2d 18, (2005) held that the claim filing statute applies only to local governmental entities, not to individuals, that the claim filing statute was amended after Mealing filed this case, and that he complied with the statute as written at the time of filing.  Mealing also argues that there are genuine issues of material fact as to whether Fox acted in his individual capacity outside the scope of his employment when he terminated Mealing, made racist remarks, and conducted a biased investigation.

The Court in *Wright v. Terrell*, 135 Wn. App. 722, 145 P.3d 1230 (2006) addressed this issue, namely, the contention that the claim filing statute does not apply to lawsuits against individuals, and the *Wright* court stated:

> Where the claims are directed against individuals acting in their official capacity, we hold that the logic of requiring a plaintiff to present and file the claims with the governmental entity is compelling. ... Therefore, we hold that the provisions of chapter 4.96 RCW apply to suits against individuals where the conduct complained of occurred in the scope of the individuals' employment with a local government entity.

*Wright*, 135 Wn. App. At 735-36.  Moreover, in the Report on Substitute House Bill 3120, which amended RCW 4.96.020, the legislature expressed that the bill was "a clarification of what was

ORDER - 2

1  originally intended when the Legislature passed the tort claim filing statutes." H.R. SHB 3120
2  (House B. Rep.) at 3. As to the assertion that there are factual issues regarding the scope of
3  employment issue, *Wright* also is instructive. The defendant there was alleged to have "'flirted' with
4  [the plaintiff], stared at her breasts, and made sexual innuendos," 135 Wn. App. at 725, ¶ 7, and the
5  Court held that "all of [the plaintiff's] allegations related to the scope of [the defendant's] exercise of
6  his supervisory duties." *Id.* at 737, ¶ 48. Here, Fox had authority to fire Mealing, and although Fox
7  is alleged to have had improper motives – which allegation Defendants do not concede –
8  nevertheless, he was acting within the course and scope of his authority as Ridgefield City Manager.
9  Accordingly, dismissal is required for failure to comply with the prerequisite of giving notice
10 pursuant to the claim filing statute.

### *Intentional Infliction of Emotional Distress (Outrage)*

To prove the tort of "intentional infliction of emotional distress," requires a showing of (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress. *Reid v. Pierce County*, 136 Wn.2d 195, 202 (1998). The conduct must be "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Grimsby v. Samson*, 85 Wn.2d 52, 59 (1975). Defendant argues that Plaintiff will be unable to produce sufficient evidence to satisfy this element or that he suffered severe emotional distress beyond the "degree of transient and trivial emotional distress that is part of the price of living among people." Restatement (Second) of Torts § 46 (1965), cmt. j.

Having considered Mealing's Declaration, the parties' memoranda, as well as the record herein, the Court concludes that there is insufficient evidence to support a claim for intentional infliction of emotional distress, and this claim must be dismissed.

NOW, THEREFORE,

ORDER - 3

1  IT IS ORDERED: Defendant Fox's Motion for Partial Summary Judgment re: Dismissal of
2  State Law Claims [Dkt. # 101] is GRANTED and Plaintiff's state law claims against Defendant Fox
3  are DISMISSED.

4  DATED this 10th day of May, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4